IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROBERT JAMES SWINT,                  :
                                     :
            Plaintiff,               :
                                     :
v.                                   :        Case No. 5:26-cv-00169-MTT-ALS
                                     :
ULTIMATE AUTHORITY,                  :
                                     :
            Defendant.               :
_____

## ORDER

*Pro se* Plaintiff Robert James Swint, a prisoner who is currently incarcerated in the Columbia County Jail in St. Helens, Oregon, has filed a document that was docketed as a civil rights complaint brought under 42 U.S.C. § 1983. (ECF No. 1).  For the following reasons, this action is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A.

### PRELIMINARY SCREENING

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  28 U.S.C. § 1915A(a).  "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

II.    Factual Allegations and Plaintiff's Claims

Plaintiff's Complaint is difficult to follow, but from what the Court can discern, Plaintiff alleges that following his release from prison in Oregon in September 2017, he

learned that "Jesus was said to be returning." ECF No. 1 at 1-2. "[A]ll through the night" of December 14-15, 2017, Plaintiff "typed . . . and . . . typed, curing Facebook, and bringing light to the event (expected) thats [sic] been long awaited for." *Id.* at 2. Plaintiff further asserts that after he donated 10% to his "friend to the Church of Jesus Christ," he "figured [he would] get 100 million for the job." *Id.* Plaintiff states, "I am seeking my award money, cash grant[.]" *Id.*

As noted above, federal law requires the Court to dismiss a claim filed by a prisoner if the claim is frivolous or malicious. 28 U.S.C. § 1915A(b)(1). A claim is considered "frivolous" if it "involve[s] factual contentions that are fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Plaintiff's allegations that he is somehow entitled to damages from the "Ultimate Authority" for work as a social media influencer are precisely the type of "irrational and wholly incredible" allegations that render a claim frivolous. This action is thus **DISMISSED without prejudice** as frivolous pursuant to 28 U.S.C. § 1915A.

While the law provides no relief for Plaintiff, he may find solace and answers in Romans 8:28 and James 5:7-9.

**SO ORDERED** this 6th day of May, 2026.

S/Marc T. Treadwell
Marc T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT